OPINION OF THE COURT
Michael J. Miller, J.
This motion is brought by the Monroe County Department *26 of Social Services for modification of a previous order of this court dated November 3, 1989. In the final order of disposition dated November 3, 1989, the child, Joseph P. was found to be a neglected child and was placed in the home of his maternal aunt and uncle Gail and George S., under the supervision of the Monroe County Department of Social Services, with the S.s providing free care and custody of the child. The Department now seeks a modification of that order to provide for the child to be placed in the care and custody of the Department of Social Services for foster care placement in the home of the S.s.
Since the original order, the S.s have completed the training course for certification as foster parents.
The respondents, the child’s mother and father, Mary and Angel P. vigorously contest the proposed modification. They note that animosity exists between themselves and the S.s. Allegations are made that there is a conspiracy between the Department of Social Services and the S.s to terminate their (the P.s’) rights as biological parents and pave the way for the adoption of Joseph by the S.s. They contend that altering the status of the aunt and uncle to that of foster care parents is the first step in that conspiracy. Respondents rely on the language of section 1017 of the Family Court Act to support their opposition to the modification to foster care status. They maintain that Family Court Act § 1017 compels that the status of a child placed with relatives must be determined at the time of original placement and cannot be modified thereafter.
The child’s Law Guardian favors the modification of the original order as being in the best interests of the child.
The narrow legal issue now before this court is whether Family Court Act § 1017 requires relatives with whom a child is placed, pursuant to article 10 of the Family Court Act, to indicate their desire for foster care status at the time of initial placement or be forever barred from receiving such foster care status. This issue seems to be one of first impression. Section 1017 (1) provides in part
"when the court determines that a child must be removed from his or her home * * * an immediate investigation [shall be made by the Department of Social Services] to locate relatives of the child and inform them * * * of the procedures for becoming foster parents * * * and determine * * *
"(b) whether such relative seeks approval as a foster parent *27 pursuant to the social services law for the purpose of providing care for such child, or wishes to provide free care and custody for the child during the pendency of any orders pursuant to this article.” (Family Ct Act § 1017 [1] [b] [emphasis added].)
Clearly, there is a choice to be made at the time of original placement, but the court cannot conclude that the choice once made is irreversible. Indeed, that conclusion would frustrate the whole purpose of section 1017. The court’s review of the legislative history of this recently enacted legislation shows that the legislative intent is to give a firm preference to placing children who must be removed from their parents with other family members rather than with total strangers (see also, Matter of Charise B., 146 Misc 2d 943 [Fam Ct, Queens County 1990]). In the emergency situation, where a child is removed from its parents, a well-intentioned family member might offer to take in the child and provide free care and custody, only to find out later that this presents an overwhelming financial burden. The respondents’ theory if adopted would preclude that family member from applying for a change of status to foster parent, thus foreclosing his or her ability to receive the financial benefits thereby conferred on behalf of the child. In the instant case, the S.s have completed the necessary training to be certified as foster parents. The court finds that it is in the best interest of the child to have that status granted to the S.s, thereby making available to them as foster parents and to the child necessary financial support and assistance.
The court is not unmindful of the concern of the respondents which results in their contention that this is the first step leading toward termination of their parental rights and adoption of the child by the foster parents. However, the court cannot accept this argument. The Department of Social Services is aware that the policy of New York State favors eventual reunification of the family unit, and that it must attempt all steps necessary to fulfill that goal. There is no reason to suspect that this is not the goal, especially since arrangements by the Department for visitation by the respondents with the child have already begun. It will be respondents’ efforts through such visitation and through their ongoing attempts at rehabilitating themselves which will ultimately pave the way to reunification of the P. family.
For the reasons stated above, this court hereby grants the motion of petitioner to modify the final order of disposition *28 made by this court, Honorable Francis A. Affronti, dated November 3, 1989 and places the child, Jpseph P., in the care and custody of the Monroe County Department of Social Services for foster care placement in the home of the child’s aunt and uncle, Gail and George S. This order is effective as of the date of the filing of the petitioner’s motion for modification which is April 12,1990.